## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| BORISH JENKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV420-098 |
| | ) | |
| MICHAEL COX and LBAM | ) | |
| HOSPITALITY, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, appearing *pro se*, has submitted a complaint alleging employment discrimination and retaliation. Doc. 1. He seeks to proceed *in forma pauperis* (IFP). Doc. 6. After reviewing plaintiff's application, as plaintiff does not appear indigent, his motion for leave to proceed IFP should be **DENIED**.

In his application, plaintiff discloses an income of $965.00 in unemployment benefits per week. *Id*. at 2. He also claims to have two bank accounts holding $2,473. It is possible that the weekly unemployment benefits reflected in plaintiff's application are temporarily inflated by the recently enacted Federal Pandemic Unemployment Compensation. *See* 15 U.S.C. § 9023 (authorizing

temporary additional unemployment compensation benefits payments of $600 per week in response to the COVID-19 pandemic).  The application does not, however, qualify the amounts reflected as being likely to change or in any way unusual.

While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the fact that financing his own litigation may cause some difficulty is not sufficient to relieve a plaintiff of his obligation to pay his own way where it is possible to do so without undue hardship.  *Thomas v. Secretary of Dep't of Veterans Affairs*, 358 F. App'x 115, 116 (11th Cir. 2009) (the Court has wide discretion in ruling on IFP application, and should grant the privilege "sparingly" in civil cases for damages).  Two important points must be underscored.  First, proceeding IFP is a privilege, not an entitlement.  *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993).  Second, courts have discretion to afford litigants IFP status; it's not automatic.  28 U.S.C. § 1915(a)(1) (courts "*may* authorize the commencement" of IFP actions); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when

court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items); *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (the decision of whether to grant or deny IFP status under 28 U.S.C. § 1915 is discretionary).  Taking the information provided as true, given his disclosed assets, plaintiff is not indigent.  Accordingly, his application to proceed *in forma pauperis* should be **DENIED**.  Doc. 6.

Plaintiff has also filed a Rule 26(f) Report; however, he has responded to every question with "N/A."  Doc. 5.  Federal Rule of Civil Procedure 26(f) requires parties to confer early in their case—but certainly not prior to service of the complaint or a responsive pleading from the defendant—on topics necessary for the establishment of a discovery schedule.  Fed. R. Civ. Pro. 26(f).  The rule also requires a report of the conference to be provided to the Court.  *Id.*  The report submitted by plaintiff gives no indication that defendants were involved in its creation.  Such lack of involvement is understandable as defendants are under no obligation to participate in this matter until service is perfected. As the Rule 26(f) Report submitted is premature, it should be

**ADMINISTRATIVELY TERMINATED**.  Doc. 5.  Only if this case proceeds and the defendant is served will the parties will be required to confer and jointly submit a Rule 26(f) Report.

In summary, plaintiff's application for IFP should be **DENIED** as he is not indigent.    Doc. 6.    The Clerk is **DIRECTED** to **ADMINISTRATIVELY TERMINATE** plaintiff's Rule 26(f) Report. Doc. 5.  This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.   Plaintiff is free to file with his objections an updated IFP application clarifying any inaccuracies or ambiguities with his prior application.  The Clerk of Court is **DIRECTED** to include with this Report and Recommendations a copy of the Application to Proceed without Prepaying Fees or Costs (AO240).

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 20th day of May, 2020.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA